van Gestel, J.
This matter comes before the Court on the emergency motion of the defendant Derrick Echols (“Echols”) to disqualify the law office of Babanikas, Ziedman & King, P.C. (“BZ&K”) from representing the plaintiffs Mark Stevenson and Scottie Wood in the consolidated actions Nos. 97-4647, 97-4650 and 96-1439.
BACKGROUND
This case arises from a two-vehicle accident which occurred on September 30, 1994. In one vehicle were Derrick Echols (“Echols”), the driver, and passengers Mark Stevenson (“Stevenson”) and Scottie Wood (“Wood”). The other vehicle was a City of Boston (the “City”) Fire Department fire truck. The two vehicles were proceeding along Warren Avenue in the Roxbury section when a collision occurred.
The law firm of BZ&K was engaged by Echols, Stevenson and Wood to represent them in claims against the City for personal injuries sustained in the accident. At some point BZ&K withdrew from the representation of Echols, but continued to represent Stevenson and Wood. Thereafter, BZ&K filed suit on behalf of Stevenson and Wood against Echols.
BZ&K has filed an affidavit claiming that Echols consented to this change in representation and fully understood the consequences to him of his former lawyers suing him. No documentation of this change in representation, or the consent by Echols, was presented by BZ&K to the Court. At the same time, the moving party, Echols, acting through his insurance carrier-appointed defense counsel — presented no affidavit from Echols, nor did he appear in court at the motion hearing, sustaining his appearance or position on the issue of consent to the BZ&K change in representation.
The issue of whether BZ&K ought to remain as counsel was raised some time ago when the parties filed a pre-trial memorandum. Nevertheless, BZ&K took no action to remove itself from the case, nor did Echols's defense counsel file a motion to disqualify.
Thus, this matter is dropped on the doorstep of the trial Court on the eve of trial.
DISCUSSION
The Court begins its discussion by setting forth the views of the Supreme Judicial Court, and other courts, on the serious issues that present themselves whenever there is an effort to disqualify trial counsel on the eve of trial.
We state with emphasis that the situation disclosed by the present record should never have arisen . . . The principle is clear that a lawyer who represents a client in litigation should not thereafter represent an adversary in the same case. That principle is in part, but only in part, “a strict prophylactic rule to prevent any possibility, however slight, that confidential information acquired from a client during a previous relationship may subsequently be used to the client’s disadvantage.” . . . The principle also rests on the lawyer’s obligation to exercise his professional judgment, within the bounds of the law, “solely for the benefit of his client free of compromising influences and loyalties.”
Pisa v. Commonwealth, 378 Mass. 724, 726 (1979). See Bays v. Theran, 418 Mass. 685, 691 (1994).
In the context of civil litigation conducted by private law firms, this principle is enforced with rigor. Id. at 726.
On a motion to disqualify a lawyer from participating in a proceeding there is no weighing of the probabilities that actual harm will result from his participation. The rules are applied not only to prevent prejudice to a party, but also to avoid even the appearance of impropriety.
Id. at 728. See, also, NFC, Inc. v. General Nutrition, Inc., 562 F.Sup. 332, 333-34 (D. Mass. 1983); T.C. Theatre Corp. v. Warner Bros. Pictures, Inc., 113 F.Sup. 265 (S.D.N.Y. 1953).
When disqualification occurs after employment has begun, it temporarily (and possibly permanently) disables the litigant in his effort to prosecute a claim or mount a defense . . . When needless disqualification occurs as a result of [tactical disruptions by an opponent], the very rules intended to prevent public disrespect for the legal profession foster a more dangerous disrespect for the legal process.
Borman v. Borman, 378 Mass. 775, 787 (1979).
The ethical rules are self-executing. Lawyers should know them and comply with them. Disqualification should only occur when a lawyer has, after exercising his best judgment, determined that he can continue the questionable conduct, and “the trial court determines that his continued participation as counsel *206 taints the legal system or the trial of the cause before it.” Id. at 788.
Borman suggests deference to the best judgment of counsel and his client. Id. at 790. But Borman raised questions about whether a lawyer ought to be a trial witness. The situation presented here is quite different. This matter involves successor representation in the same lawsuit. The matter is still further clouded by the absence of any affidavit or testimony from Echols, the client, and, equally striking, the absence of any written confirmation by challenged counsel of its former client’s claimed consent.
This Court, therefore, is left by counsel somewhat adrift. It thus turns to that most important to it and, ultimately, most important to litigants in the Superior Court: a judicial system where fairness and quality of process can be trusted by the using public.
Here, the continued presence of BZ&K as counsel for Stevenson and Wood suing Echols makes questionable its ability to care for the secrets and confidences of Echols, while aggressively representing the interests of Stevenson and Wood, and at the same time holding out (to the general public) the appearance of propriety in the adversary system. For example, will BZ&K, at trial, zealously cross examine their former client Echols, attempting thereby to show that it was his negligence that caused Stevenson’s and Wood’s harm? If it does, will it utilize any of the confidential information it learned from Echols when he was their client? Or will BZ&K sit on its hands and hope that the City, the other defendant, will sub rosa make out the case for its clients? And if it does so, and its clients fail, will BZ&K then be defendants themselves in a suit by Stevenson and Wood for legal malpractice?
As stated in the beginning of this discussion, the situation disclosed never should have arisen.
ORDER
This Court, regrettably, can see no way out of the thicket presented to it by the lawyers other than to ALLOW the motion to disqualify Babanikas, Ziedman & King, P.C., unless the claims of Stevenson and Wood against Echols are resolved before trial. For the foregoing reasons the trial of these consolidated cases is continued until October 2, 2000. At that time Babanikas, Ziedman & King, P.C., may only participate if the matter between their present clients, Stevenson and Wood, and their former client Echols is first resolved.